UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COTY HIGHSMITH,

        Plaintiff,

-against-

WESTCHESTER COUNTY, WESTCHESTER
COUNTY DEPARTMENT OF CORRECTIONS,
CORRECT CARE SOLUTIONS, d/b/a CCS, DR.
ARON ROTH, *in his official and individual capacity*,
ALL INSURER(S), ALL UNKNOWN ENTITIES, *in
his individual capacity and as Superintendent of
Green Haven Correctional Facility*; D.O.C.C.S.
        Defendants.

No. 18-cv-1765 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

  Plaintiff Coty Highsmith ("Plaintiff"), a pre-trial detainee at the Westchester County Jail, commenced this *pro se* action under 42 U.S.C. § 1983 on or about February 26, 2018. In his Complaint ("Complaint," ECF No. 1), Plaintiff alleges that while in custody he was originally misdiagnosed with cancer causing him to suffer, *inter alia*, mental anguish and distress. Presently before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.) For the following reasons, Defendants' Motion is GRANTED in its entirety.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/2018

**BACKGROUND**

The following facts are derived from the Complaint and the documents appended thereto, and are assumed to be true for the purposes of this motion.

Plaintiff alleges that on August 20, 2015, he was seen by Dr. Tauseef Ahmed, an oncologist, who referred him to Dr. Aaron Roth ("Dr. Roth"), a surgeon, for the purpose of determining whether Plaintiff had lymphoma, a form of cancer that commonly attacks the lymph nodes. On October 9, 2015, Plaintiff was taken to Mount Vernon Hospital where Dr. Roth performed a biopsy. On November 4, 2015, Plaintiff met with Dr. Roth at the Westchester County jail who informed Plaintiff that he had cancer. On November 13, 2105, Plaintiff met with a mental health aide who informed Plaintiff that he was scheduled to begin a course of "chemo-radiation treatment." As a result of the cancer diagnosis and the related treatment that was to begin, Plaintiff "went into a major depression, fear, mental anguish, distress, duress, and mental and emotional pain."

Sometime thereafter, Plaintiff was taken or went to the Hudson Valley Hemotolgy Oncology Associates for an appointment with Dr. Ahmed,[1] for the purpose of receiving chemo/radiation treatment. At the appointment, however, Dr. Ahmed informed Plaintiff that he was not there for chemo-radiation treatment and did not have cancer but that he suffered from

---

[1] Dr. Ahmed is actually Chief of Oncology at Westchester Medical Center and is also affiliated with the Hudson Valley Cancer Center.

2

sarcoidosis.[2] In addition to mental and emotional distress suffered, Plaintiff claims to have a "continuing fear of medical care practitioners."

**DISCUSSION**

**Rule 12(b)(6)**

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " to credit "mere conclusory statements," or to accept "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at *679*. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**18 U.S.C. § 1983**

Section 1983 provides, in relevant part, that:"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C.

---

[2] Sarcoidosis is the growth of tiny collections of inflammatory cells (granulomas) in different parts of the body, most commonly the lungs, lymph nodes, eyes and skin.

§ 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cnty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution") (citation omitted). The Court notes that other than referencing 18 U.S.C. § 1983 in his Complaint, Plaintiff makes no reference to a constitutional amendment or to a constitutional violation.

**Adequate Medical Care**

To sustain a claim of deliberate indifference to adequate medical care, a plaintiff must allege that (1) objectively, the deprivation of adequate medical care was sufficiently serious, and (2) subjectively, defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 279–81 (2d Cir. 2006). "The objective component requires that 'the alleged deprivation [] be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.' " *Hill v.*

*Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). For the subjective prong, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison official may only be found liable if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

"Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.' " *Hill v. Curcione*, 657 F.3d at 123 (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (noting that an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind") (quotations omitted); *Hathaway*, 99 F.3d at 553 (observing that "negligent malpractice do[es] not state a claim of deliberate indifference"); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Finally, "[b]ecause Section 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (quotations and citations omitted).

A thorough and liberal reading of the Complaint does not reveal that Plaintiff was denied medical treatment. At best, Plaintiff's allegations may rise to the level of a misdiagnosis, which is insufficient to be deemed a constitutional violation. Notably, there are no allegations to

5

support a finding that Defendants acted with deliberate indifference. Accordingly, Plaintiff's claim sounding in a denial of adequate medical care must be dismissed.

**State Law Claims**

In construing the complaint liberally, Plaintiff's Complaint could be read as asserting claims under state law for negligence, medical malpractice, and infliction of emotional distress. A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law claims and state law claims in the case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all federal claims over which it had original jurisdiction. Given that the Court has dismissed Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over any state law claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in its entirety. To the extent Plaintiff asserts state law claims, said claims are dismissed without prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 21, to terminate the action, to mail a copy of this Opinion and Order to Plaintiff, and to show proof of service on the docket.

Dated: October 26, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge